**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELENA MOIS, | No.   16-16102 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00143-APG-NJK |
| v. | |
| WYNN LAS VEGAS LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted September 14, 2017
San Francisco, California

Before:  KOZINSKI and FRIEDLAND, Circuit Judges, and ARTERTON,**
District Judge.

Reviewing de novo, we reverse the district court's grant of summary

judgment on Mois's Americans with Disabilities Act ("ADA") and Nevada

common law retaliatory discharge claims, and we affirm summary judgment on

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Mois's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981.

**1.** After an employer is informed of an employee's disability, the ADA requires that both parties participate in an "interactive process" to find a reasonable accommodation. *E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010). This entails: "(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Id.* (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002)) (internal quotation marks omitted). Wynn has failed to present evidence that it engaged with Mois to "discover the precise limitations and the types of accommodations which would be most effective" given her injury. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1115 (9th Cir. 2000), *rev'd on other grounds*, 535 U.S. 391 (2002). Further, Wynn has not shown that assigning Mois to light duty work, as it had done in the past, would have created an "undue hardship." 42 U.S.C. § 12112(b)(5)(A); *see also Dark v. Curry Cty.*, 451 F.3d 1078, 1088 (9th Cir. 2006). Therefore, placing Mois on unpaid leave was not a reasonable accommodation. *Compare Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999) (holding that unpaid medical leave may be a reasonable accommodation *where requested* by an employee), *with Arizanovska v. Wal-Mart*

*Stores, Inc.*, 682 F.3d 698, 704 (7th Cir. 2012) (holding, in the context of a retaliation claim, that "[b]eing forced to take an unpaid leave of absence" is an adverse employment action).

**2.** Nevada recognizes "[a]s a matter of strong public policy" that "retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is actionable in tort." *MGM Grand Hotel-Reno, Inc., v. Insley*, 728 P.2d 821, 825 (Nev. 1986) (per curiam) (quoting *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984) (per curiam)) (internal quotation marks omitted). Mois has raised a triable issue of fact as to whether her protected conduct—filing a workers' compensation claim—was the "proximate cause of [her] discharge." *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998). Wynn's failure to investigate the nature of Mois's employment for a competitor, and whether that work violated any of Wynn's policies or was otherwise inconsistent with Mois's statements, creates a triable issue as to whether Mois's discharge was retaliatory.

**3.** Mois has failed to establish a prima facie case of national origin discrimination under Title VII because she cannot demonstrate that similarly situated employees outside her protected class received more favorable treatment. *See Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006). For employees to be similarly situated, they must have engaged in the same conduct. *Vasquez v. Cty. of*

3

*Los Angeles*, 349 F.3d 634, 641 n.17 (9th Cir. 2003) (citing *Hollins v. Atlantic Co.*, 188 F.3d 652, 659 (6th Cir. 1999)).  Mois's co-workers did not engage in the conduct at issue here—filing a workers' compensation claim and working at another job in potential violation of Wynn's workers' compensation policies.

**4.**  Mois has not raised a triable issue of fact as to whether her alleged harassment "was sufficiently severe or pervasive" as to "alter the conditions of [her] employment and create an abusive work environment."  *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)) (internal quotation marks omitted).

In conclusion, we **REVERSE and REMAND in part**, **and AFFIRM in part**.